1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                    WESTERN DIVISION

10

11  DARNEL DAVONE WALKER,          )  No. CV 11-00179-SJO (VBK)
                                   )
12                 Petitioner,     )  ORDER SUMMARILY DISMISSING PETITION
                                   )  FOR WRIT OF HABEAS CORPUS FOR LACK
13       v.                        )  OF SUBJECT MATTER JURISDICTION
                                   )
14  KEN CLARK,                     )
                                   )
15                 Respondent.     )
    _____)

16

17      On January 6, 2011, Darnel Davone Walker (hereinafter referred to

18  as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a

19  Person in State Custody." Petitioner was convicted on December 13,

20  1999 in Los Angeles County Superior Court Case No. BA180270 of two

21  counts of rape in violation of California Penal Code ("PC")

22  §261(a)(2), two counts of forcible oral copulation in violation of PC

23  §288a(c)(2), and attempted kidnapping for the purpose of rape in

24  violation of PC §§209(b)(1), 664. (See Petition, Attachment page i.)

25  Petitioner has raised the following claims in his Petition: "(1)

26  Petitioner was convicted of an uncharged offense in violation of his

27  due process rights under U.S.C.A. Fourteenth Amendment; (2) the

28  officer's warrantless arrest, search and seizure violated Petitioner's

1  due process rights under U.S.C.A. Fourteenth (#14) Amendment; (3) the

2  trial court erroneously denied Petitioner's motion for acquittal at

3  the close of the prosecution's case in chief in violation of

4  Petitioner's U.S.C.A. Fourteenth Amendment right to equal protection

5  and due process of law; (4) the prosecution knowingly used perjured

6  testimony in violation of Petitioner's U.S.C.A. Fourteenth Amendment;

7  (5) ineffective assistance of counsel on direct appeal in violation of

8  Petitioner's U.S.C.A. Fourteenth Amendment; and (6) the trial court

9  abused its discretion when it ordered restitution without linking the

10  restitution order to any of the factors in 18 U.S.C.A. §3664(a)." (See

11  Petition attached pages at 1-71.)

12      It appears from the face of the petition that it is directed to

13  the same 1999 Los Angeles County Superior Court conviction as prior

14  habeas petitions filed by Petitioner in this Court on June 28, 2006,

15  in Case No. CV 06-04104-SJO (VBK)[1] and on November 17, 2009, in Case

16

17

18

19

20      [1]   The Court takes judicial notice of its own files and records.  See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th

21  Cir. 1988). On June 28, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No.

22  CV 06-04104-SJO (VBK). In this petition, Petitioner raised the following claims: "(1) Petitioner was convicted of an uncharged

23  offense in violation of his due process right under the Fourteenth Amendment; (2) The officer's warrantless arrest search and seizure

24  violated Petitioner's due process right under the Fourteenth Amendment; (3) The trial court erroneously denied Petitioner's Motion

25  for Acquittal at the close of the prosecution case in violation of Petitioner's Fourteenth Amendment right to equal protection and due

26  process of the law; (4) Ineffective assistance of counsel on direct appeal in violation of Petitioner's Fourteenth Amendment rights; and

27  (5) The trial court abused its discretion when it ordered restitution without linking the restitution order to any of the factors in 18

28  U.S.C. §3654(a)." (See First Amended Petition at attached pages 5-6.)

No. CV 09-08423-SJO (VBK).[2]  On January 9, 2007, Judgment was entered in Case No. CV 06-04104-SJO (VBK) denying the petition on the grounds that the Petition was untimely and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.  On November 20, 2009, Judgment was entered denying the Petition in Case No. CV 09-08423-SJO (VBK) for lack of subject matter jurisdiction.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

---

[2]     On November 17, 2009, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody"pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of California, which was given Case No. CV 09-08423-SJO (VBK).  In this petition, Petitioner attacked the same conviction as the present Petition.  Petitioner raised the following claims: "(1) Petitioner was convicted of an uncharged offense in violation of his due process rights under the Fourteenth Amendment; (2) the officer's warrantless arrest and search and seizure violated Petitioner's due process rights under the Fourteenth Amendment; (3) the trial court erroneously denied Petitioner's motion for acquittal at the close of the prosecution's case in chief in violation of Petitioner's Fourteenth Amendment right to equal protection and due process of law; (4) insufficient evidence of blunt force trauma; (5) Petitioner's count five was not supported by sufficient evidence; (6) ineffective assistance of counsel on direct appeal in violation of the Fourteenth Amendment; (7) counsel failed to raise arguable issues of prosecution's failure to plead and prove the alleged priors under PC §667(f)(1)(g) and PC §969(b); (8) counsel failed to raise arguable issues of prosecution's failure to justify illegal arrest and search and seizure; (9) the trial court abused its discretion when it ordered restitution without linking the restitution order to any of the factors in 18 U.S.C. §3664(a); and (10) Petitioner was deprived of his Fourth and Fourteenth Amendment rights to due process and equal protection of the law." (See Petition at attachment 1-72.)
On November 20, 2009, the Court issued an "Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction."  Judgment was entered on November 20, 2009.

1          "(2)  A claim presented in a second or successive habeas

2      corpus application under section 2254 that was not presented in

3      a prior application shall be dismissed unless--

4              (A)  the applicant shows that the claim relies on a new

5          rule of constitutional law, made retroactive to cases on

6          collateral review by the Supreme Court, that was previously

7          unavailable; or

8              (B)(i)  the factual predicate for the claim could not

9          have been discovered previously through the exercise of due

10         diligence; and

11             (ii)  the facts underlying the claim, if proven and

12         viewed in light of the evidence as a whole, would be

13         sufficient to establish by clear and convincing evidence

14         that, but for constitutional error, no reasonable factfinder

15         would have found the applicant guilty of the underlying

16         offense.

17         (3)(A) <u>Before a second or successive application permitted</u>

18     <u>by this section is filed in the district court, the applicant</u>

19     <u>shall move in the appropriate court of appeals for an order</u>

20     <u>authorizing the district court to consider the application.</u>"

21     (Emphasis Added.)

22

23     The Petition now pending constitutes a second and/or successive

24     petition challenging the same conviction as Petitioner's prior habeas

25     petitions, within the meaning of 28 U.S.C. §2244(b).  Thus, it was

26     incumbent on Petitioner under §2244(b)(3)(A) to secure an order from

27     the Ninth Circuit authorizing the District Court to consider the

28     Petition, prior to his filing of it in this Court.  Petitioner's

4

1  failure to do so deprives the Court of subject matter jurisdiction.

2      For the foregoing reasons, **IT IS ORDERED** that this action be

3  summarily dismissed pursuant to Rule 4 of the Rules Governing Section

4  2254 Cases in the United States District Courts.

5      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

6

7  DATED: January 19, 2011     _____

8                              S. JAMES OTERO
                               UNITED STATES DISTRICT JUDGE

9

10 Presented this 18th day of
   January, 2011 by:

11

12          /s/
   _____

13 VICTOR B. KENTON
   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28